FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 20 2017 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TERRELL CLARK, ET AL.,

                Plaintiffs,

     -against-

SUFFOLK COUNTY, ET AL.,

                Defendants.
----------------------------------------------------------X

ORDER
14-CV-7195 (JFB)(AYS)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R," ECF No. 30) from Magistrate Judge Shields recommending that the Court grant the motions to dismiss filed by defendants Suffolk County (the "County"), the United States Department of Justice, Forfeiture Counsel, and the Drug Enforcement Administration (the "DEA") (collectively, the "federal defendants") (ECF Nos. 18, 24). The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated February 24, 2017, at 19.) Defendants served the R&R on plaintiff on February 28, 2017 (*see* ECF No. 32), and the date for filing any objections has accordingly since expired. Plaintiff has not filed any objections to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety and (1) grants the federal defendants' motions to dismiss plaintiff's claims against them with prejudice, and (2) grants the County's motion to dismiss, but with leave to re-plead. Given the absence of a plausible federal claim at this juncture, the Court declines to exercise supplemental jurisdiction over the state law claims against the County.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de*

*novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objections to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly, IT IS HEREBY ORDERED that the federal defendants' motions to dismiss plaintiff's claims against them are granted with prejudice, and the County's motion to dismiss is granted without prejudice. Plaintiff is given leave to replead his claims against the County consistent with Judge Shields's R&R. The amended complaint must be filed with the Court by April 24, 2017. Failure to file the amended complaint may result in dismissal of the case against the County with prejudice for failure to prosecute. Given the absence of a plausible federal claim at this juncture, the Court declines to exercise supplemental jurisdiction over the state law claims against the County. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in*

*forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
Joseph F. Bianco
United States District Judge

Dated:       March 20, 2017
               Central Islip, New York